THE BATH NATIONAL BANK, Appellant, v. ELY N. SONNENSTRAHL, INC., Respondent.

(Argued October 25, 1928; decided November 27, 1928.)

*James McCall* for appellant. The court erred in denying the request of plaintiff that the justice modify or amplify his charge by adding that if after the bank credited the amount of the drafts to the Bath Produce Company, the produce company drew on it by checks, then value was passed for the bills of lading, and so title passed to plaintiff. (*Heinrich* v. *First Nat. Bank*, 219 N. Y. 1; *National Revere Bank* v. *Nat. Bk. of Republic*, 172 N. Y. 102; *Commercial Savings Bank* v. *Mann*, 206 App. Div. 297; 238 N. Y. 559; *American Trust & Savings Bank* v. *Austin*, 25 Misc. Rep. 454.)

*W. Earl Costello* for respondent. No error was made by the trial judge in his refusal to charge as requested by plaintiff's counsel. (*Pollock* v. *Pennsylvania Iron Works*, 157 N. Y. 699; *Trenkman* v. *Schneider*, 31 Misc. Rep. 741.)

LEHMAN, J. Early in February, 1926, the Bath Produce Company shipped by rail two lots of beans. In each case it received a uniform order bill of lading showing that the beans were consigned to its order at New York, with instructions to notify the defendant. It then drew two drafts on the broker, payable at sight or on arrival of shipments to the order of the plaintiff, and attached thereto the bills of lading indorsed without restriction. These were deposited to its credit in the plaintiff's bank and duly credited to the Produce Company which subsequently drew checks against this credit and these checks were paid.

The plaintiff promptly sent the drafts with bills of lading attached to a New York bank for collection, but when presented to defendant payment was refused. On learning this fact the plaintiff sent an agent to New York

to make the collection or if he could not do so to sell the beans on its account. This agent, however, was also one of the principal officers of the Produce Company. He delivered the bills of lading to the defendant — whether saying that he represented the plaintiff or claiming to act for the Produce Company is disputed. The beans were then delivered to the defendant and it sold them. If at the time the bills of lading were delivered to the defendant the plaintiff bank was a holder for value of the drafts and bills of lading, then the defendant must account to it.

We assume that the plaintiff received the drafts merely for collection, and did not become the owner of the drafts at the time the deposit was made. The plaintiff by failure to move for the direction of a verdict or to except to the portions of the charge in which such question of fact was submitted to the jury is not in a position to urge now that there is no evidence to sustain the finding of the jury in that regard. The trial judge erred, however, in his refusal to charge that: " If the Bath National Bank, after crediting the amount of the drafts to the account of the Bath Produce Company, the Bath Produce Company drew on it by checks, then value was passed for the bills of lading." That request, even if inartificially drawn, was clearly intended and understood to mean that if the bank, though merely an agent for collection, advanced the amount of the drafts to its customer before the collection was made, then it became a holder for value of such drafts and the accompanying bills of lading. That proposition of law is established by an overwhelming mass of authority in this country, both judicial and extra-judicial.

Even where a depositor delivers to a bank a negotiable instrument without restrictive indorsement and the amount of the face value of the instrument is placed to the depositor's credit without special contract that the credit is only provisional, the bank does not become a

holder for value until the depositor has actually availed himself of the credit so given by draft upon it. (*Citizens' State Bank* v. *Cowles*, 180 N. Y. 346; *Shawmut National Bank* v. *Manson*, 168 Mass. 425.) The beneficial title of a bank receiving an instrument for collection only may be more restricted. That we need not now decide. None the less, the bank becomes a holder for value when it makes advances upon the instrument in advance of collection. At least it may then hold the instrument as collateral security.

Though title to a draft left by a depositor with the bank for collection does not pass absolutely to the bank where the full amount of the draft was credited to the depositor, " for convenience and in anticipation of its payment," and " the bank could have cancelled the credit, as it clearly accepted no risk on the paper," yet if the depositor " had overdrawn, and this draft had been credited to cover the overdraft, or if the company had drawn against the draft, the bank could hold the paper until the account was squared." It would then be a holder for value. (*St. Louis & San Francisco Railway Co.* v. *Johnston*, 133 U. S. 566.)

Direct authority for this rule of law may be found in *Old National Bank of Spokane* v. *Gibson* (105 Wash. 578; see annotations to same case, 6 A. L. R. 247); *Jefferson Bank* v. *Merchants Refrigerating Co.* (236 Mo. 407); *Scott* v. *McIntyre Co.* (93 Kans. 508); *Bank of Gulfport* v. *Smith* (132 Miss. 63). (See, also, *Amalgamated Sugar Co.* v. *U. S. National Bank of Portland*, 187 Fed. Rep. 746; *Miller* v. *Norton*, 114 Va. 609; *National Bank of Commerce* v. *Morgan*, 207 Ala. 65, and notes on that case 24 A. L. R. 897 *et seq.* Article, " Crediting an Account as Value," 2 Wisconsin Law Review, 408; Morse on Banking [6th ed.], sections 585 and 586.) The case of *First National Bank* v. *Stengel* (227 N. Y. 659) holds nothing contrary, for in that case the bank knew " the draft would not be paid at a time when the

depositor's account was sufficient to have charged back the amount of the draft." (See opinion of Special Term, 169 N. Y. Supp. 217.)

For these reasons the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.