THE FREEPORT BANK OF FREEPORT, NEW YORK, Appellant, *v.*
LOUIS H. VIEMEISTER, Respondent.

Second Department, December 31, 1929.

*Raymond Ballantine* [*Martin V. W. Hall* with him on the brief], for the appellant.

*Herman S. Bachrach*, for the respondent.

CARSWELL, J. This action is based upon a check for $1,000 made by the defendant Viemeister to one Gilbert, who was a depositor of the plaintiff, Freeport Bank. The payment upon the check was stopped by the maker, Viemeister, and the bank sued for $1,000. Upon the trial it claimed it was entitled to a judgment of $679.49, the extent to which it claimed to be the holder for value of the check involved. A jury was waived and the trial court dismissed the complaint. From the judgment thereon, plaintiff appeals and seeks not only a reversal but a judgment in its favor for $679.49, with interest. The material facts are not in dispute.

On January 7, 1927, Gilbert, a depositor in the plaintiff Freeport Bank, had some dealings with the defendant Viemeister which concerned the purchase of certain lots. Viemeister gave a check to Gilbert for $1,000 upon the condition that he was not to use the check until Monday, January ninth, and then only in the event that as a result of an inspection of lots on January eighth, the intervening Sunday, Viemeister concluded that he wished to purchase the lots. On January ninth, Viemeister tried unsuccessfully to reach Gilbert on the telephone to advise him that he had inspected the lots and that he did not intend to consummate the deal. Viemeister, being unable to reach Gilbert, stopped payment on the check.

On January 7, 1927, Gilbert, disregarding Viemeister's conditional delivery of the check to him, deposited the check to his own credit in the plaintiff Freeport Bank, together with other checks. The deposit slip had this notation thereon: " Depositors

are hereby notified that credits entered in their accounts are conditional and not final until items deposited are paid by banks on which they are drawn."

The Viemeister check for $1,000 was credited to Gilbert's account on January 7, 1927, by the plaintiff bank, together with other items deposited. This was on a Saturday. The plaintiff bank then indorsed the check and in the regular course it reached the Municipal Bank, Greenpoint Branch (against which the defendant Viemeister had drawn his check), for payment on January eleventh, at which time payment was refused because the defendant had stopped payment on January ninth. The check thereupon was protested for non-payment on January 11, 1927.

On January 10, 1927, the day before payment of the check was refused by the Municipal Bank and before the plaintiff knew or could know that the defendant's check would be protested because payment thereof had been stopped, a check was presented to the plaintiff bank for certification, which check was drawn by Gilbert, its depositor, upon the plaintiff bank to the order of one Rosenfeld for $1,525. This check was dated September 30, 1926, more than three months before the day it was presented for certification. It had been presented for certification or payment before, and certification was refused because of insufficient funds. On January 10, 1927, when it was again presented, the plaintiff bank certified the check and charged the amount against Gilbert's account. Subsequently this check of Gilbert's to Rosenfeld, thus certified for $1,525, was indorsed by Rosenfeld and deposited in the Nassau National Bank and in due course presented to the plaintiff and paid by it. On January 10, 1927, when the Gilbert check to Rosenfeld for $1,525 was presented for certification, the total amount to the credit of Gilbert in the plaintiff Freeport Bank was $846.71, exclusive of the $1,000 credit arising from the defendant Viemeister's check to Gilbert. Without this credit for $1,000, the certification of Gilbert's check for $1,525 to Rosenfeld left Gilbert's account overdrawn to the extent of $678.29. Accordingly, despite the notice on the deposit slip that the credits were conditional and not final until the items were paid by the banks on which they were drawn, the plaintiff Freeport Bank, by certifying this $1,525 Rosenfeld check, gave credit unconditionally to its depositor Gilbert to the extent of $678.29 as against this $1,000 check of the defendant which was in process of presentation to the Municipal Bank, which, on the following day, refused payment thereof because of defendant Viemeister's having stopped payment.

The trial court found that the plaintiff was not the holder of the defendant Viemeister's check for value, having received it from

Gilbert, its depositor, for collection only, and that the defense of lack of consideration as between the defendant, Viemeister, and Gilbert, the plaintiff's depositor, was available to the defendant, Viemeister, against the plaintiff, Freeport Bank.

The question presented is, did the plaintiff bank, to the extent it accorded absolute credit to its depositor Gilbert upon the defendant Viemeister's check, become the holder thereof for value in that amount, or did it continue from the date of the original deposit to hold it for collection despite its certifying of Gilbert's check to Rosenfeld against the deposited Viemeister check.

Section 91 of the Negotiable Instruments Law defines a holder in due course as one " who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The plaintiff herein claims it conforms to the requirements of condition 1 in that the instrument is complete and regular; of condition 2 in that plaintiff became the holder before the check was overdue, not having notice that it had previously been dishonored before plaintiff became the holder; of condition 3 in that plaintiff took the check in good faith and for value to the extent of $678.29; of the 4th condition it says it advanced upon the instrument at a time when it had no notice of any infirmity in the title of the person negotiating it. The one element which is controverted in this record as a matter of argument, the facts not being in dispute, is the condition which concerns whether the plaintiff took the check or advanced upon the check in good faith " for value."

Section 51 of the Negotiable Instruments Law defines value in connection with what constitutes consideration. It reads: " What constitutes consideration. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Section 323 of the Negotiable Instruments Law provides: " Certification of check; effect of. Where a check is certified by the bank on which it is drawn the certification is equivalent to an acceptance."

Section 112 of the Negotiable Instruments Law provides: " Liability of acceptor. The acceptor by accepting the instru-

ment engages that he will pay it according to the tenor of his acceptance * * *."

Under the foregoing provisions, when the plaintiff Freeport Bank certified Gilbert's check to Rosenfeld it guaranteed the genuineness of the signature of Gilbert and guaranteed that it, the plaintiff bank, had sufficient funds to pay the check and agreed that those funds would not be withdrawn to the prejudice of the holder of the check. (*Cullinan* v. *Union Surety & Guaranty Co.*, 79 App. Div. 409.) The bank, immediately upon the certification of the check drawn to Rosenfeld, became responsible to Rosenfeld for the amount thereof and this responsibility was unconditional. Under the provisions above quoted, therefore, the certification of Gilbert's check to Rosenfeld, made by the plaintiff bank on January 10, 1927, was a sufficient consideration and was, therefore, value, within the meaning of the Negotiable Instruments Law, to the extent that the Gilbert account would be overdrawn except in so far as the defendant Viemeister's check for $1,000 covered this withdrawal to the amount of $678.29. By certifying this check of Gilbert to Rosenfeld for $1,525, the plaintiff bank transformed the prior conditional credit of $1,000, represented by the defendant Viemeister's check to Gilbert and which originally was subject to collection, into an absolute and unconditional credit to Gilbert to the extent of $678.29, the amount necessary to make good the Gilbert check to Rosenfeld which the plaintiff bank certified and thereby became responsible directly to Rosenfeld for its payment. (*Bath Nat. Bank* v. *Sonnenstrahl, Inc.*, 249 N. Y. 391; *Heinrich* v. *First Nat. Bank*, 219 id. 1; *Merchants National Bank* v. *Santa Maria Sugar Co.*, 162 App. Div. 248; *American Trust & Savings Bank* v. *Austin*, 25 Misc. 456.)

The restriction in the deposit slip placed upon the character of the credit given by the bank in the first instance was for the bank's benefit. It could, in good faith, forego that restriction and make the credit absolute. The defendant may not invoke that restriction and, against the bank, insist that the original conditional character of the credit continue.

In this case Gilbert's check to Rosenfeld, which the bank certified and for which it thus became responsible, constitutes the same kind of an advance and extension of absolute credit upon the defendant Viemeister's check of $1,000, which had been credited as deposited for collection only in the first instance, as if the plaintiff bank had paid out the money to Rosenfeld on the Gilbert check to Rosenfeld, instead of having certified it. In this case, as in the *Bath Nat. Bank Case* (*supra*), although the credit was originally conditional, the bank in good faith, as was its privilege and right

at any time, waived the rule adopted by it for its own protection, that such items when deposited were conditional and not final until they were in fact collected.

The defendant points out that this check of Gilbert to Rosenfeld, which the plaintiff bank certified, was made three months before the certification, to wit, September 30, 1926; that it had been previously presented for payment or certification, both of which were refused for lack of funds, and that it was Rosenfeld, and not Gilbert, the maker, who presented the check for certification. The defendant argues that these things make some difference. They do not alter the legal effect of the situation. There is no proof and no finding in the record that the plaintiff was guilty of any collusion or bad faith. It may not be presumed that there was anything improper in connection with the certification. It is common knowledge that a check is often presented on successive occasions where it has once been dishonored for lack of funds, and Rosenfeld had a right to present this check of Gilbert's as often as he saw fit, and in presenting it on these successive occasions he finally did so when it was possible to get a certification because of the credit balance being sufficient for that purpose if the defendant Viemeister's check to Gilbert were treated as an absolute credit in advance of collection, which the bank saw fit to do and with which element this defendant has no concern, as that is a matter between the bank and Gilbert.

Moreover, *Heinrich* v. *First Nat. Bank* (*supra*, at p. 4) establishes the principle that recognition by payment, which is the same as recognition by certification, of an instrument issued some time in advance of the presentation for payment or certification, does not prevent the bank which thus recognizes the instrument by payment or certification from becoming a holder of it for value.

The defendant Viemeister insists, however, that plaintiff's certification of Gilbert's check to Rosenfeld for $1,525 when the amount to Gilbert's credit, if the bank did not waive the conditional character of the credit thus resting upon the defendant's $1,000 check, constituted an overdraft and was unlawful, in that the then balance, without counting defendant's $1,000 check, was $846.71. It is urged that the unlawful character of this act constitutes a barrier to the plaintiff's recovery herein.

This view is founded upon a false premise. Under the foregoing cases it is clear that the plaintiff bank had a right to waive its rule, made for its own protection, with respect to the conditional character of the credit given on the Viemeister check deposited with it by Gilbert. The waiving of its right in this respect and the making of the credit absolute, at least to the extent of $678.29,

was not an illegal act under the cases which have been hereinbefore cited. Therefore, the finding that the act was unlawful is without support in the evidence herein and is contrary to law. There is no provision of the Banking Law cited forbidding a transaction of this kind, and the bank had an absolute right to extend unrestricted credit on uncollected negotiable paper and to pay out drafts against credit thus given and to certify checks against such credit.

This leaves for consideration but one further question, and that is, the extent to which the plaintiff may be deemed to be a holder for value. This is determined by the provisions in sections 93 and 96 of the Negotiable Instruments Law. They read:

" § 93. Notice before full amount paid. Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

" § 96. Rights of holder in due course. A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Applying the above provisions to the facts herein requires it to be held that the plaintiff bank was a holder for value to the extent of $678.29, that being the amount it had in effect paid on January 10, 1927, at which time it did not know that the defendant's check to Gilbert would be dishonored on January 11, 1927. On January eleventh it was put on notice as to a defect in the title of Gilbert as against the defendant Viemeister, and at that time, by reason of this notice, it was not free to allow Gilbert the benefit of any withdrawals or certifications for the difference between $678.29 (the amount for which the bank was committed upon the certification of the check to Rosenfeld) and $1,000, the face of Viemeister's check deposited by Gilbert with the plaintiff bank.

Accordingly, I recommend that the judgment for defendant be reversed upon the law and the facts, with costs, and that judgment be directed in favor of plaintiff and against defendant for the sum of $678.29 plus $1.20 protest fee, making a total of $679.49, with interest thereon from January 10, 1927, and costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 507; *Lamport* v. *Smedley*, Id. 82, 85.)

LAZANSKY, P. J., YOUNG and HAGARTY, JJ., concur; KAPPER, J., dissents upon the ground that the person liable for the shortage is

the depositor, Gilbert, and not Viemeister, the maker of the check which the bank took and credited to Gilbert's account conditionally upon the check's being made good.

Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff and against defendant for $679.49, with interest from January 10, 1927, and costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 507; *Lamport* v. *Smedley*, Id. 82, 85.) Settle order on notice.