In the Matter of NICHOLAS J. VAVOUDIS.*

Supreme Court, New York County, March 3, 1931.

*White & Stillman*, for the petitioner.

*Carl J. Austrian*, for the respondent.

---

* Affd., 233 App. Div. 672.

Lydon, J. The motion for reargument is granted, and, after consideration of all the papers now before me, the original determination granting the application for payment is adhered to.

Ordinarily, the bank would have become the owner of the check deposited and a debtor to its depositor for the amount of the deposit. But here the deposit slip bore the following provision: "All items credited shall be subject to actual receipt of final payment by this Bank, which shall not be held responsible for its delay or failure to present, collect or protest any item." Manifestly, these provisions were inconsistent with the rights and obligations which would normally have ensued from the deposit of the check. They were inconsistent with the theory of ownership in the bank. They negatived the idea that the bank became a debtor to its depositor upon acceptance of the deposit. They were consistent only with the theory that the bank took the check for collection, and that, in the execution of its agency, it was to be relieved from the customary responsibilities. When the Superintendent of Banks took possession of the bank by reason of its insolvency, the check had not yet been collected. The agency of the bank was revoked by operation of law. It had not yet become a debtor to its depositor, and it had lost the right to create the relation of debtor and creditor by making collection. It was a mere custodian of the paper. The moneys thereafter collected by the Superintendent were no part of the assets of the bank, but belonged to the depositor. He should not, therefore, be required to prove his claim as if he were a creditor. (*Matter of Bank of Cuba in New York*, 198 App. Div. 733.)

The case is not provided for by article 19-A (sections 350-350-l), added to the Negotiable Instruments Law by chapter 589 of the Laws of 1929, section 1, and section 3 of that act expressly provides that, in any case not so provided for, the rules of law and equity relating to trusts and agency shall continue to apply.

I conclude, therefore, that the depositor was entitled to payment as previously ordered.