# BETHESDA OLD PEOPLES HOME v. E. A. BENSON AND ANOTHER.[1]

March 8, 1935.

No. 30,004.

[1]Reported in 259 N. W. 384.

*Thomas E. Latimer*, for appellants.
*Erland Lind*, for respondent.

DEVANEY, CHIEF JUSTICE.

Action against the commissioner of banks for the state of Minnesota to recover $2,000 alleged to be wrongfully withheld from plaintiff. About 3:00 p. m. July 16, 1930, plaintiff delivered to the Farmers State Bank of Chisago City, Minnesota, a check in the amount of $2,000. This check was drawn on a St. Paul bank and was deposited to the credit of plaintiff's checking account, which account plaintiff had had with the Farmers State Bank of Chisago City for some time prior to this occasion. The following morning the Farmers State Bank of Chisago City was permanently closed by action of its board of directors. On the same day, July 17, 1930, the commissioner of banks took possession of all its assets for purposes of liquidation. The $2,000 check was in the process of collection and had not yet been paid to the bank when it closed. The check was paid July 18, 1930, the day after the bank closed, through regular clearing channels. The payment was made to the commissioner of banks as liquidator, and he obtained possession of the $2,000.

One of plaintiff's agents testified that shortly after the closing of the bank he went to one W. A. Smith, the banking commissioner's liquidating examiner for this bank, and requested that this claim be given a preferred status. This request was refused; whereupon, on August 19, 1930, plaintiff filed its claim for $2,000 as a general claim. This was allowed February 2, 1931. On December 23, 1931, and again on June 29, 1932, plaintiff received a five per cent dividend. Each dividend amounted to $100. Thereafter this suit was commenced. The trial court made findings of fact and entered judg-

ment for plaintiff for $1,800, deducting the $200 which plaintiff already had received in the form of dividends, with interest on the original amount of $2,000. Subsequently he amended his findings in two or three particulars. Defendants appealed from a denial of their motion for a new trial.

■ There can be no question but that the Farmers State Bank of Chisago City in this instance was plaintiff's agent for the purpose of collecting the check deposited with it. 2 Mason Minn. St. 1927, § 7233-1, provides in part:

"Any bank, * * * doing business in this state, in receiving items for deposit or collection, in the absence of a written agreement to the contrary, shall act only as the depositor's collecting agent and shall have no responsibility beyond the exercise of due care."

Since there is no showing that there was a special written agreement, it must be held that the bank was plaintiff's agent, and therefore that the relationship between plaintiff and the bank was not that of creditor and debtor. It is clear that when the bank, because of insolvency, failed to open its doors the next morning, the agency was revoked. 1 Mechem, Agency (2 ed.) p. 484, § 691; In re Vavoudis, 141 Misc. 823, 252 N. Y. S. 779, 780, affirmed 233 App. Div. 672, 249 N. Y. S. 870. Since the check at the time of this revocation of authority had not been collected, neither the bank nor the banking commissioner had authority to complete collection thereof. Consequently the money collected properly belongs to plaintiff, and the claim is properly a preferred one. The banking commissioner wrongfully took possession of the $2,000 to which plaintiff was entitled. Thus the $2,000 never became a part of those assets which were taken over by the banking commissioner when the bank closed. In the Vavoudis case, 252 N. Y. S. 779, 780, a situation arose which is very similar to the one now before us. The court said:

"* * * the bank took the check for collection * * * in the execution of its agency. * * * When the superintendent of banks took possession of the bank by reason of its insolvency, the check had not yet been collected. The agency of the bank was

revoked by operation of law. It had not yet become a debtor to its depositor, and it had lost the right to create the relation of debtor and creditor by making collection. It was a mere custodian of the paper. The moneys thereafter collected by the superintendent were no part of the assets of the bank, but belonged to the depositor. He should not, therefore, be required to prove his claim as if he were a creditor."

■ Against the conclusion here reached, defendant raises several objections.

(a) He contends that plaintiff's action is barred by 2 Mason Minn. St. 1927, § 7689. This objection is not available to defendant because raised in this court for the first time. This statute provides:

"The public examiner shall cause notice to be given by advertisement in such newspapers as he may direct, weekly for three consecutive months, calling on all persons who may have claims against such bank to present the same to the public examiner, and make legal proof thereof at a place and within a time not earlier than one week after the last day of publication, which time and place shall be specified in said notice. The public examiner shall mail a similar notice to all persons whose names appear as creditors upon the books of the bank. If the public examiner doubts the justice and validity of any claim he may reject the same and serve notice of such rejection upon the claimant, either by mail or personally. An affidavit of the service of such notice made according to law shall be filed with the public examiner. *An action upon a claim so rejected must be brought within six months after such service and the filing of proof thereof.*"

Defendant claims plaintiff is barred because the action here was not brought within six months of the rejection of the claim and is now too late. There is nothing in the complaint, the answer, the evidence, or the findings concerning this statute. It was, as far as the record shows, never mentioned in the lower court. The statute requires, besides publication of notice, etc., that an action be brought within six months after the examiner has mailed the

claimant notice of rejection. An affidavit must be filed. There is no showing that these things were done in this case. We do not pass upon the validity of this statute, but merely hold here that the burden was on defendant to show that plaintiff had not complied therewith. It does not appear from the face of the complaint that plaintiff had not complied with this statute. The statute requires affirmative action, such as publication, mailing notice, etc. before the six months' period starts to run. The burden is on defendant to show that it has taken such affirmative action. In the absence of such a showing, this court will not presume that those things were done which would start the six months' period running within which the rejected claimant could bring action. Defendant did not meet the burden here.

(b) Defendant further objects to this action on the ground of plaintiff's noncompliance with 2 Mason Minn. St. 1927, § 7699-29, which provides:

"No action shall be commenced against any insolvent bank or trust company on any claim until such claim has been filed with and rejected in whole or in part by the commissioner of banks, as provided in Section 7689 [above quoted]."

For the reasons above outlined, we hold this statute does not bar plaintiff in this case. The burden was on defendant to show plaintiff's noncompliance. Defendant could not show noncompliance here until it was shown that § 7689 had been complied with on his part. This he did not do, as previously pointed out. Again we do not pass upon the validity of this statute, but merely hold that the question as to its validity is not now before us.

(c) We are not prepared to hold that by filing a general claim plaintiff elected his remedy and so cannot now bring suit for a preferred claim. It appears undisputed by the evidence that plaintiff went to defendant's agent, W. A. Smith, for advice and was told that it could not file a preferred claim but had to file a general claim. Defendant cannot now claim that plaintiff effected an election, even though dividends have been received and retained.

Affirmed.