Nicholas M. Pette, J.
In an action to recover the sum of $1,161.01 on two checks issued by the defendant Paramount Factors, Inc., to the defendant G. & G. Lamp & Table Corp., plaintiff seeks leave to renew a motion for summary judgment striking out the answer of the defendant Paramount Factors, Inc., upon the ground that there is no defense to this action.
Heretofore, plaintiff’s motion for similar relief was denied. The only supporting proof were two affidavits by plaintiff’s attorney and photostatic copies of the checks. The court held that these affidavits were insufficient to establish that the plaintiff in fact paid value for the checks prior to the time that it was notified that Paramount Factors, Inc., had issued a stop payment order to the bank on which the checks were drawn. Upon this motion, plaintiff has submitted the affidavit of its assistant vice-president and manager of the branch where the transaction occurred, who is fully familiar with the facts and surrounding circumstances thereof. This affidavit is supported by a photostatic copy of the statement of account of the defend *363 ant G-. & Gr. Lamp & Table Corp. for the month of January, 1957, which shows a deposit on January 25, 1957 of $1,161.01, consisting of two checks, $914.37 and $246.64, respectively, both drawn by defendant Paramount Factors, Inc. to the order of defendant Gr. & Gr: Lamp & Table Corp. Photo static copies of these checks are annexed to the verified complaint. At the same time, defendant Gr. & Gr. Lamp & Table Corp. cashed a check for $245 so that at the close of business on January 25, 1957, the balance was $1,022.86. On January 28, 1957 the plaintiff paid checks in the sum of $73, $100, $700 and $124.19 as evidenced by photostatic copies of said checks, leaving a balance of $25.67. In addition, a check in the sum of $75 was presented and returned for insufficient funds. On January 29, 1957 checks of $30 and $57 respectively were presented for payment and returned for insufficient funds. The same day, a check which had not previously been deposited in the sum of $75 Was returned by the paying bank on which it was drawn and charged to the defendant Gr. & Gr. Lamp & Table Corp. Another $3 returned item charge was debited to the account, leaving an overdraft of $52.33. It is thus clear by documentary proof that at the close of business on January 29, 1957 plaintiff had completely paid out the amount of the two checks on which this action is brought. It was not until January 30, 1957 that the plaintiff received notice that the defendant Paramount Factors, Inc., had stopped payment on the two checks in suit.
Assuming that these checks were deposited for collection, it cannot be controverted that plaintiff paid value prior to receiving notice of the stop payment. Bath Nat. Bank v. Ely N. Sonnenstrahl, Inc. (249 N. Y. 391) was an action by a bank to recover the proceeds of certain, produce sold by the defendant, claimed to have been owned by the plaintiff under bills of lading delivered to it by a shipper with drafts to its order. The court held that it was error for the Trial Judge to refuse to charge that if the bank, though merely an agent for collection, advanced the amount of the drafts to its customer before the collection was made, then it became a holder for value of such drafts and the accompanying bills of lading.
Similarly in Freeport Bank v. Viemeister (227 App. Div. 457), the bank brought an action on a check for $1,000 made by the defendant to its depositor. The check was delivered by the defendant on January 7, 1927 upon condition and payment was stopped two days later on the ground that the condition had not been fulfilled. Prior to the time when the plaintiff received notice that payment on defendant’s check had been stopped, it certified a check for its depositor for $1,525. At that time, its *364 depositor had to his credit in plaintiff’s bank the sum of $846,71, exclusive of the credit for defendant’s $1,000 check. The deposit slip made out by the plaintiff’s depositor bore the notice that credits entered in accounts of depositors were conditional and would. not become final until items deposited were collected. The plaintiff subsequently paid the certified check to the depositor. The court held that the plaintiff was a holder in due course within section 91 of the Negotiable Instruments Law as to that part of defendant’s check which was necessary to meet the certified check of plaintiff’s depositor. Mr. Justice Carswell, who wrote for the Appellate Division of the Second Department, cited the Bath Nat. Bank case (supra) as one of the authorities for the holding. The United States Court of Appeals for the Fifth Circuit held recently in Lowrance Motor Co. v. First Nat. Bank (238 F. 2d 625) that a bank paying value for checks deposited by the payee in his checking account by giving him immediate unrestricted credit for the amount thereof and permitting the withdrawal of such credit on his checks paid by the bank from proceeds' of the deposited checks to the corporate drawer thereof before it stopped payment thereon becomes a holder of such checks for value in due course and is entitled to recover the amount thereof from the drawer, although they were indorsed by the payee restrictedly and the deposit slip recited that they were received merely for collection.
The foregoing applies to the facts at bar. Accordingly, there is no defense to this action and the plaintiff is entitled to judgment against the drawer of the checks. The motion is, therefore, granted.
Submit order.