FIRST NATIONAL BANK OF SOMERSET COUNTY, Appellant, *v.* ARTHUR I. MARGULIES, Doing Business as HOBBS COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, April 12, 1962.

*Wormser, Koch, Kiely & Alessandroni* (*Alden Mesrop* of counsel), for appellant. *Joseph F. Finkelstein* for respondent.

*Per Curiam.* Action by plaintiff bank against the maker of a check, indorsed "for deposit", which the payee deposited in the bank. Without knowing that the instrument had been obtained by fraud and that a stop payment had been ordered by the maker, the bank paid out all the money accredited to the payee's account, including the amount of the check in issue.

The restrictive indorsement had the legal effect of making the bank the agent of the payee for collection and the payee the owner of the check (Negotiable Instruments Law, § 350-c) until payment (*Wolf* v. *Title Guar. & Trust Co.*, 251 App. Div. 354, affd. 277 N. Y. 626).

When, however, payment was made, the bank became a holder for value to the extent of the credit withdrawn (Negotiable Instruments Law, § 350-a) even though it had not collected on the check (*Bath Nat. Bank* v. *Ely N. Sonnenstrahl, Inc.*, 249 N. Y. 391; *Freeport Bank* v. *Viemeister*, 227 App. Div. 457; *Meadow Brook Nat. Bank* v. *Paramount Factors*, 8 Misc 2d 362; *Modern Ind. Bank* v. *Hegeman*, 54 N. Y. S. 2d 251, affd. 269 App. Div. 775; Ann. 59 A. L. R. 2d 1181–1187).

The restrictions printed on the deposit slip were in the bank's favor and were waived by the bank in allowing payment of the check. (*Freeport Bank* v. *Viemeister, supra*; *Meadow Brook Nat. Bank* v. *Paramount Factors, supra*.)

The defenses of lack of consideration and fraud, valid against the payee, may not be availed of against the bank. (Negotiable Instruments Law, §§ 54, 94, 96; *Universal Discount Corp.* v. *Hazel*, 160 N. Y. S. 2d 904; *Hall* v. *Bank of Blasdell*, 306 N. Y. 336.)

The judgment should be reversed, with $30 costs, and judgment directed in favor of plaintiff and against defendant for $1,226.73, with interest from August 11, 1959, with costs.

Concur — HOFSTADTER, J. P., GOLD and CAPOZZOLI, JJ.

Judgment reversed, etc.