Charles A. Loreto, J.
Motion for summary judgment. Plaintiff, claiming to be a holder in due course, seeks recovery on a promissory note made by defendant to the Atlantic Funding Corp., as payee thereof. Prior to maturity Atlantic indorsed and delivered the note to plaintiff as payment on account of an indebtedness owed to it by the former. Defendant acknowledges the execution of the note and concedes its liability for the amount thereof. By way of defense and counterclaim defendant alleges that it is prohibited from paying the note by virtue of a writ of garnishment (attachment) obtained by one A. Herbert Mathes, attaching debts due and owing Atlantic by defendant, in connection with an action commenced by Mathes against Atlantic in the State of Florida.
The question for decision is, of course, whether plaintiff is a holder in due course. If it be held that plaintiff is not a holder in due course then the motion should be denied on the authority of the decision of the court on a motion decided herewith. (Atlantic Funding Corp. v. Taylor Int. Corp., Motion No. 111, Aug. 9, 1962.)
The fact that Atlantic may have acted in bad faith toward defendant is immaterial. The plaintiff had no notice of any infirmity or defect in the instrument. It was complete and regular on its face and transferred before maturity for value. (Negotiable Instruments Law, §§ 91, 95.) “ As the statute itself makes evident, its requirement ‘ is good faith, and bad faith is not merely carelessness. It is nothing less than guilty knowledge or willful ignorance. * * * One who purchases commercial paper for full value * * * is not bound at his peril to be upon the alert for circumstances which might possibly excite the suspicion of wary vigilance. He does not owe to the party who puts negotiable paper afloat the duty of active inquiry, to avert the imputation of bad faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by speculation in regard to the purchaser’s diligence or negligence ’.” (Italics supplied.) (Hall v. Bank of Blasdell, 306 N. Y. 336, 341.) Moreover, as a holder in due course, the plaintiff holds the instrument free from any defenses available to prior parties among themselves (Negotiable Instruments Law, § 96; North Amer. Factors Corp. v. Motty Eitingon, Inc., 105 N. Y. S. 2d 250, affd. 279 App. Div. 719, affd. 304 N. Y. 901).
*724 Defendant urges that the motion may not be summarily decided since the facts concerning the transfer of the note by Atlantic to the plaintiff are peculiarly within the latter’s knowledge and it has not had an opportunity to determine the facts by examination before trial or other pretrial procedures to establish that plaintiff is not a holder in due course.
The cases cited by defendant in its brief for this contention are inapposite. These cases deal with situations where the opposing parties made a showing that the facts were clearly identified with and peculiarly within the exclusive knowledge of the movants. In Suslensky v. Metropolitan Life Ins. Co. (180 Misc. 624, affd. 267 App. Div. 812) in an action for double indemnity under a life policy for accidental death by drinking poison, there existed a presumption against suicide and a vital question was the state of decedent’s mind in drinking poison. It was evident that the insurer (defendant) could secure knowledge thereof only by trial. In Bartels v. Rubel Corp. (205 Misc. 673) the plaintiff could only succeed on proof disclosed only by defendant’s (movant) records exclusively under its control. In Morschauser v. American News Co. (6 A D 2d 1028) it was averred by plaintiffs that defendant (movant) followed a regular practice of making severance payments to nonunion employees according to a set plan or policy and named 40 employees who received such severance payments. Defendant did not come forward with any explanation as to payments to these individuals. Knowledge of the circumstances as to the termination of the services of these persons and of the alleged payment of severance pay to them, remained peculiarly within the knowledge of defendant. In Segal v. National City Bank of N. Y. (269 App. Div. 986) facts were presented that payment of a check that was made by the bank (defendant) on the forged indorsement of payee was peculiarly within knowledge of plaintiffs (movants), especially as to question of intent, and the bank had no knowledge of such intent. The motion is granted.