Charles A. Loreto, J.
Motion for summary judgment. This is an action by plaintiff on a series of four defaulted accelerated promissory notes executed by the defendant to Audio Designs Corporation and sold and transferred by the latter to plaintiff. The notes are the remainder of a series of six notes, the first two of which were paid by the defendant to the plaintiff. The plaintiff, engaged in the business of purchasing accounts receivable and negotiable instruments, claims to be a holder in due course, having purchased the six notes for good consideration.
The defense, interposed in answer to the complaint, ‘ ‘ alleges that the notes were conditionally delivered and were part of an executory [written] contract.” In its affidavit submitted on the motion, the defendant states that plaintiff’s transferor received the notes in payment for sales services (described in the contract) to be rendered by it to defendant during a subsequent 12-month period and that the notes were conditionally delivered and to be paid only if the services were continued during that time.
*601 The plaintiff states that he purchased the six notes one day after their execution without knowledge of a conditional delivery or the terms of the agreement in writing. A careful reading of the contract belies defendant’s claim that the notes were restricted as to negotiability. Moreover, the agreement states “ The station [defendant] acknowledges that it may be necessary for Audio to discount these notes for the continuation of their operation and agrees that they may do so. ” It is significant that defendant paid the first two notes and admits that up to that time it continued to receive satisfactory service from plaintiff’s transferor.
It is urged that the nature of plaintiff’s business and the defendant’s communication to plaintiff by letter dated February 23,1962, wherein it stated “ all of the notes are properly signed and will be honored on due date provided the association between WESC and Audio Designs remains an amicable one. As you know, these notes are fully subordinate to our contract with Audio Designs ” are sufficient to have put plaintiff on notice of the underlying agreement and its provisions. This contention must be rejected. The notes had already been acquired • by plaintiff and what they customarily would do in their business must be shown to be what they did in this instance.
There is no proof submitted by defendant that plaintiff had made a conditional delivery of the notes to the payee, as claimed by it, or that plaintiff had notice or knowledge of a conditional delivery if such were the case. It is incumbent upon the defendant to reveal his proof in order to show that the matter set up in its answer is real or capable of being established upon a trial. This the defendant has not done.
The fact that Audio, the transferor of the notes, may have acted in bad faith toward defendant is immaterial. The plaintiff has no notice of any infirmity or defect in the instrument. It was complete and regular on its face and transferred before maturity for value (Negotiable Instruments Law, §§ 91, 95). ‘ ‘ As the statute itself makes evident, its requirement 1 is good faith, and bad faith is not mere carelessness. It is nothing less than guilty knowledge or willful ignorance. * * * One who purchases commercial paper for full value * * * is not bound at his peril to be upon the alert for circumstances which might possibly excite the suspicion of wary vigilance. He does not owe to the party who puts negotiable paper afloat the duty of active inquiry, to avert the imputation of had faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by speculations in regard to the purchaser’s diligence or negligence (Hall v. Bank of Bias- *602 dell, 306 N. Y. 336, 341; italics supplied.) Moreover, as a holder in due course, the plaintiff holds the instrument free from any defenses available to prior parties among themselves (Negotiable Instruments Law, § 96; North Amer. Factors Corp. v. Motty Eitingon, Inc., 105 N. Y. S. 2d 250, affd. 279 App. Div. 719, affd. 304 N. Y. 901). The motion is granted.