Bernard Tomson, J.
The plaintiff, a holder in due course of the check sued on, moves for summary judgment.
The defendant is the maker of the check which was •’made payable to the order of one James Thomas, who cashed it at one of the plaintiff’s branches. The defendant urges that although the check was knowingly made payable to James Thomas, she was induced to do so by his false statement that he was not the “ person who painted Mrs. Franklin’s house.”
The New York Uniform Commercial Code, effective September 27, 1964, section 3-305, reads:
“ Section 3-305. Eights of a Holder in Due Course. To the extent that a holder is a holder in due course he takes the instrument free from * * *
“ (2) all defenses of any party to the instrument with whom the holder has not dealt except * * *
“ (c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms ’ ’.
For a discussion of the section see Anderson’s Uniform Commercial Code (vol. 1, p. 596 et seq.). The provision, though new, is in accord with the New York law. (See N. Y. Ann. to Uniform Commercial Code and Rep. of Comm. on Uniform State Laws to Legislature of N. Y. S., Oct. 2, 1961.) Section 3-305 of the Uniform Commercial Code replaces sections 34, 35 and 96 of the Negotiable Instruments Law, which sections here are controlling since section 10-101 of the Uniform Commercial Code makes the code applicable to transactions entered into only after its effective date. Under the Negotiable Instruments Law and the Uniform Commercial Code, the rule, as applied to the instant situation, is identical: i.e., defenses of lack of consideration and fraud may not be availed of against a holder in due course (Hall v. Bank of Blasdell, 306 N. Y. 336; Ram Ind. v. Van de Maele, 20 A D 2d 783; Scherr v. Taylor Int. Corp., 36 Misc. 2d 722; Cooper v. Broadcasting Co. of The Carolinas, 36 Misc 2d 600; First Nat. Bank of Somerset County v. Margulies, 35 Misc 2d 332) unless the fraud constitutes “fraud in the essence” or “ fraud in the factum ” as, for example, where the maker signs a negotiable instrument in the belief that it is some other document. (Cf. First Nat. Bank of Odessa v. Fazzari, 10 N Y 2d 394.) *252 For a discussion of the rule, see Anderson’s Uniform Commercial Code, page 598.
Since no questions of fact remain, summary judgment must be granted in favor of the plaintiff for the relief demanded in the complaint.