◼ Rose Sandler, as Administratrix of the Estate of Sidney Sandler, Deceased, Appellant, v. United Industrial Bank, Respondent.— In an action to recover a sum of money claimed to have been converted by defendant or had and received by defendant for plaintiff, the plaintiff, by permission of the Appellate Term of the Supreme Court, appeals from an order of said court, dated April 17, 1964, which: (1) reversed a judgment of the Civil Court of the City of New York, County of Kings, entered July 11, 1963, granting plaintiff's motion for summary judgment; (2) denied said motion; and (3) granted summary judgment in favor of defendant, dismissing the complaint. Order of Appellate Term affirmed, without costs, and without prejudice to whatever rights the plaintiff in her individual capacity may assert against the respondent bank. This action was brought by appellant, Rose Sandler, as administratrix *c. t. a.* of the estate of her husband, Sidney Sandler, to recover $9,127.60 and interest from defendant, a commercial bank with which she and her husband had maintained a joint checking account. The bank asserted, as a separate and complete defense, that it had properly offset said amount against its indebtedness to Sidney Sandler, deceased, arising from the deposit in such joint account. It appears that on May 7, 1962 the husband,

who had a separate checking account of his own in another bank, Chemical Bank New York Trust Company, drew a check on that account in the amount in suit, payable to the order of James A. Brancato & Co., which deposited the check the same day in its account in the respondent bank. The respondent bank gave Brancato immediate credit for the check by applying $6,421.33 of it to repay that sum which was overdrawn and by applying the balance to other items presented for payment against the Brancato account that day. The husband, Sidney Sandler, died on the evening of the same day (May 7, 1962), and thereafter the check was returned unpaid to the respondent bank by the Chemical Bank with the notation "maker deceased." There were then insufficient funds in the Brancato account to cover the check, but there was more than enough in the Sandler joint account. Respondent bank offset the amount of the unpaid check, $9,127.60, against the Sandler account; this suit ensued. The Sandler account being a joint account in a commercial bank, there is a presumption that when one of the joint tenants dies the amount on deposit belongs to the survivor. That presumption is rebuttable, however, upon a showing that the depositors' purpose or intent was other than to create a joint tenancy (Banking Law, § 134, subd. 3; § 239, subd. 3; *Matter of Porianda*, 256 N. Y. 423; *Matter of Lupatkin*, 156 N. Y. S. 2d 249, 254, affd. 4 A D 2d 678; *Matter of Jagodzinska*, 272 App. Div. 660, 661–662). It is not disputed that the plaintiff wife, as administratrix, has a right to maintain this action to establish the right, if any, of her husband's estate to the fund. Since respondent bank became the holder for value of decedent's check prior to his death (Uniform Commercial Code, § 4–201 *et seq.*; *Freeport Bank* v. *Viemeister*, 227 App. Div. 457; *First Nat. Bank of Somerset County* v. *Margulies*, 35 Misc 2d 332; *Meadow Brook Nat. Bank of Nassau County* v. *Paramount Factors*, 8 Misc 2d 362), it thereby acquired a matured claim against him which it had the right to offset against his deposit in its hands while he lived (*Straus* v. *Tradesmen's Nat. Bank of New York*, 122 N. Y. 379, 382; *Van Schaick* v. *Title Guar. & Trust Co.*, 252 App. Div. 188, 204–205; 9 C. J. S., Banks and Banking, § 296; 5 N Y Jur., Banks and Trust Companies, §§ 410–413). Now, after the death of decedent, this right of setoff or "banker's lien" pertaining to the check, presently a claim against his estate, may be applied against the deposit if it belongs to his estate (*Matter of Dimon*, 32 N. Y. S. 2d 239, 243; *Traders' Nat. Bank of Rochester* v. *Amsden*, 195 N. Y. S. 291, 292). However, if the fund belongs to the plaintiff *individually*, the lien may not be asserted against the deposit, for, in order that one demand may be offset against another, both must mutually exist between the same parties (*Jordan* v. *National Shoe & Leather Bank of City of N. Y.*, 74 N. Y. 467, 474; 5 N Y Jur., Banks and Trust Companies, § 413; 7 Am. Jur., Banks, § 630). Accordingly, since the respondent bank has the right to offset the amount of the unpaid check against so much, if any, of the amount on deposit as belongs to the husband's estate, the order of the Appellate Term was proper. Under the circumstances, whatever rights plaintiff individually, as surviving joint tenant, may have had in the said deposit, remain to be adjudicated in the separate action she has brought in her individual capacity against the respondent bank. This determination is intended to be without prejudice to such personal rights of the plaintiff. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.