LEORA C. WICKS, Plaintiff, *v.* RALPH S. CARMICHAEL, TILLIE PALMATIER, ROSS MOSHER, JOHN DALTON, J. MAUD CONRON, ADRIAN F. BALLMAN, MICHAEL L. BRADY and RAYMOND O'BRIEN, Defendants.

Supreme Court, Broome County, December 30, 1939.

E. *Day Clark* [*Frank E. Thomas* of counsel], for the plaintiff.

*Brink & Brink* [*Robert O. Brink* of counsel], for the defendant Adrian F. Ballman.

Gold (A. E.), J.   The action is to foreclose a mortgage on real property and the motion is to dismiss the complaint in so far as it seeks to hold the defendant Adrian F. Ballman liable for deficiency judgment.

The defendant is sued as one of the residuary legatees under the will of James J. Dalton, a former owner of the property, who by the deed to him assumed and agreed to pay the mortgage indebtedness.

The will has been admitted to probate and, although it does not appear that the executors have been judicially discharged, the complaint alleges, and it must, therefore, be taken as true, that the residuary legatees have received their respective share in full and that the estate has been completely distributed in all other respects.

The mortgage was given on November 29, 1926, by the defendant Ralph S. Carmichael.   On January 15, 1927, Mr. Carmichael deeded the property to Fred J. Palmatier and the defendant Tillie Palmatier, his wife.   The conveyances thereafter were as follows: March 28, 1928, Mr. and Mrs. Palmatier to the defendant Ross Mosher; April 14, 1928, Mr. Mosher and his wife to Mr. Dalton; June 20, 1928, Mr. Dalton to the defendant Michael L. Brady; and November 4, 1938, Mr. Brady to the defendant Raymond O'Brien.   All five deeds contained the customary mortgage assumption clause.

The plaintiff is proceeding under section 170 of the Decedent Estate Law, which provides: " An action may be maintained, as prescribed in this article, against the surviving husband or wife

of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained, against the executor or administrator."

The statute does not create the liability but only regulates the procedure. In *Colgan* v. *Dunne* (50 Hun, 443), approved in *Brooklyn Savings Bank* v. *Wechsler Estate* (259 N. Y. 9, 13), the court said (at p. 445): " We think the right to pursue the legatee for the debt of the testator exists independent of the statute. Courts of law and courts of equity have, from the earliest times, sustained the creditor's right to satisfaction of his debt from the assets of testator in the hands of the legatee. * * * The theory is that the testator cannot cut off the right of his creditor to satisfaction of the debt from the testator's estate. In form the action is against the legatee; in substance it is against the property of testator in defendant's hands."

The question is whether the obligation which arises from the assumption by deed of a mortgage indebtedness may fairly be held, after the death of the grantee, to be a " debt of the decedent."

The defendant argues that the property mortgaged is the primary source for payment of the debt; that one who assumes a mortgage by deed and thereafter conveys to another, who likewise assumes it, is simply a surety for the other's performance; and, therefore, that the liability is purely contingent and for that reason not such a debt, as is contemplated by the statute, which the grantee's estate or those who take under it must pay.

The argument, although ingenious, is patently unsound. The word " debt " has no fixed or invariable meaning. That it was sometimes employed at common law, as the defendant claims, in a strictly technical sense to denote an ascertained amount definitely fixed by contract, may be conceded. (*Henley* v. *Myers*, 76 Kan. 723; 93 P. 168.) In a broader sense, however, and more in consonance with the understanding of the average person, a debt is simply what one person owes or is or may be bound to pay to another, whether contingent or not. (*Bonhoff* v. *Wihorst*, 57 Misc. 456.)

It seems clear that the latter meaning is the one intended here. " The word ' debts ' includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered." (Surr. Ct. Act, § 314, subd. 3.) For example, the obligation of a stockholder of a bank for an assessment, prescribed by statute upon failure of the bank, may well be regarded as purely contingent, and yet recovery has been upheld against

the distributees of his estate, although the assessment was not actually levied until after his death. (*Brayton* v. *Dager*, 249 App. Div. 94; *White* v. *Nemecek*, 170 Misc. 569. Cf. *Richards* v. *Gill*, 138 App. Div. 75.)

There is no need, however, now to determine the exact extent of the liability of distributees and legatees under section 170 of the Decedent Estate Law. Neither is it necessary to hold that all claims, whether contingent or not, are included. The fallacy of the argument lies in the mistaken premise that the obligation to the mortgagee of a grantee who assumes the mortgage is not direct but secondary. That, of course, is not true. The basis of the liability has well been stated to be that " the undertaking of the grantee to pay off the incumbrance is a collateral security acquired by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee." (*Burr* v. *Beers*, 24 N. Y. 178, 179.) This is but an application of the principle that " in equity the creditor is entitled to the benefit of all collateral obligations, for the payment of the debt, which a person standing in the situation of a surety for others has received for his indemnity, and to relieve him or his property from liability for such payment." (*King* v. *Whitely*, 10 Paige, 465, 468.)

When one who is liable on a mortgage, either because he gave or assumed it, conveys to another, who agrees to pay the indebtedness, the rights and duties which arise are clear. The grantor remains a principal debtor. The grantee becomes, as to the mortgagee, directly liable, and as to the grantor, obligated to indemnify him against his liability. The conveyance, however, does not and cannot destroy the grantor's obligation to the mortgagee, which is in no way affected. " The defendant, by taking a conveyance of the land from the plaintiff subject to the mortgage in question, and assuming the payment of the mortgage as part of the consideration for the conveyance, became personally liable to the holder of the mortgage for the mortgage debt, and her grantor [the plaintiff], being also personally liable for the same debt, she, by assuming it, became bound to indemnify the plaintiff against his liability." (*Comstock* v. *Drohan*, 71 N. Y. 9, 12.)

It follows that when Mr. Dalton took a deed to the property in which he assumed the mortgage he became directly liable to the mortgagee and the obligation arising therefrom was not in any sense contingent upon the performance or failure to perform of subsequent grantees who also assumed. " A grantee of mortgaged property from the mortgagor who assumes the payment of the mortgage debt becomes by such assumption the principal debtor as between grantor and grantee and the mortgagee may treat him as such.

\* \* \* The same is true when the grantor is not the mortgagor but one who has himself assumed the payment of the mortgage debt." (*Kress* v. *Central Trust Co. of Rochester*, 246 App. Div. 76, 78; affd., 272 N. Y. 629; *Albany Exchange Savings Bank* v. *Winne*, 168 Misc. 853.) When Mr. Dalton in turn conveyed to the defendant Michael L. Brady, Mr. Brady also became a principal debtor to the mortgagee and Mr. Dalton the surety for his performance. (*Fairchild* v. *Lynch*, 99 N. Y. 359; *Calvo* v. *Davis*, 73 id. 211.)

It is said that the liability of legatees for a deficiency judgment has never before been decided, but *Matter of Glacius* v. *Fogel* (88 N. Y. 434) is controlling in principle. The action there was against the estate of a mortgagor, who had transferred the property to another who assumed the mortgage. The court said (pp. 439, 440): " If the mortgagor was alive the judgment would have been against him personally, and upon his decease his estate would have been liable to pay the same, and his executors or administrators could have been compelled to apply funds in their hands in liquidation of the judgment. That the action was brought after the mortgagor's death, and against the executors, can make no difference, and does not relieve them from the liability which the testator had incurred, and which he would be obliged to meet, had the judgment preceded his death. The foreclosure of the mortgage was in fact against the executors who were standing in the place of the mortgagor, and the judgment was against his representatives, who were liable to satisfy the same out of any assets of the mortgagor in their hands. It is very clear upon principle that the representatives are liable to pay the debt of a deceased party in any event. But if any doubt can properly arise it is settled by the statute (2 R. S. 113, § 2), which authorizes actions to be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators. The case of *Leonard* v. *Morris* (9 Paige, 90) holds distinctly that when the mortgagor or other party personally liable for the deficiency in a foreclosure case is dead, his personal representatives may be parties to the suit to enable the complainant to obtain a decree that the deficiency be paid out of the estate in their hands in a due course of administration. \* \* \* The question what judgment should be entered where there are several parties besides the mortgagor who are separately liable does not now arise, and, therefore, it is not necessary to consider it on this appeal."

Obviously, the same claim could have been made there as is made here, namely, that the mortgagor, upon conveying the property to another, who assumed the mortgage, became only secondarily liable, and that his liability was, therefore, contingent and not technically a debt of the estate.

*Leonard* v. *Morris* (9 Paige, 90), cited by the court, is even stronger. There the decedent, in assigning a mortgage, guaranteed payment. In upholding recovery against his estate the court said (at p. 92): " Where the person who is thus secondarily liable for such deficiency is dead, I can at present see no legal objection to making his personal representatives parties to the suit for the purpose of obtaining a decree against them for the payment of such deficiency out of the estate of the decedent in their hands."

The same conclusion was reached in an action against the legatees of an assignor in *Collier* v. *Miller* (62 Hun, 99, 106; affd., 137 N. Y. 332, 341).

The result, it would seem, is both logical and just. There appears to be no valid reason for any distinction between the ordinary obligations of a decedent and those arising from the assumption of a mortgage. To hold otherwise would tend to make the assumption of mortgages an idle ceremony. (*Matter of Glacius* v. *Fogel, supra*, p. 440.)

The only other ground on which dismissal of the complaint is sought is that a mistake was made, when the mortgage was originally given, in the description of the premises conveyed. The mistake, which the plaintiff now seeks to rectify by the judgment, was in failing to include an easement over a right of way adjoining the property. This easement was included in the deed held by the mortgagor.

It is difficult to perceive how the defendant is in any way prejudiced. The proposed correction will add something to the property which, to some extent at least, may result in an increase in value. Certainly it is not anything which could possibly affect the right of the defendant to indemnity for whatever he must pay here from the defendant Brady, the subsequent grantee. Neither does it in any way limit the obligation which the decedent assumed by agreeing to pay the mortgage debt.

The motion is denied, without costs. Order signed.