THE NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Plaintiff, *v.* THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Testamentary Trustee under the Last Will and Testament of EAZZEY BROWN, Deceased, and Others, Defendants.

Supreme Court, Special Term, Albany County, August 8, 1941.

*Bender, Ford, Benson & Comstock,* for the plaintiff.

*Illch & Poskanzer,* for defendant National Commercial Bank and Trust Company.

BERGAN, J. The defendant bank, concededly a trustee in the same position as would be occupied by a distributee, contends that there can be no adjudication in this action that it is liable for a judgment of deficiency. Its position, as I understand it, is that no " debt of the decedent " within the contemplation of section 170 of the Decedent Estate Law can be established until there has been resort to the land and a determination made that the value of the land warrants the granting of a deficiency judgment as provided by section 1083-a of the Civil Practice Act. Plaintiff's remedy is then to commence a separate action for the " debt " as then adjudicated.

I think that no separate action is either required or proper. The adjudication of liability for a deficiency is an incident to the

action of foreclosure and ought to be made in that action. Liability for a deficiency, if one arises from a sale and is warranted by the valuation of the mortgaged premises, is an ultimate obligation of the distributee and readily falls within the scope of legislative intention in defining a " debt of the decedent."

Indeed, the failure to adjudicate such a liability, antecedent to the sale, may become a bar to a subsequent action upon the deficiency, for it would certainly be arguable in defense of such a later action that the subject was one which could have been adjudicated in the action to foreclose. (Civ. Prac. Act, § 1083.) The language of that section, viz., " a person who is liable  *  *  * for the payment of the debt " clearly indicates that a distributee, within section 170 of the Decedent Estate Law, is included. Moreover, it is the common practice of the court to adjudicate the liability for the deficiency by the judgment subject to the subsequent proceedings to determine the amount in pursuance of section 1083-a of the Civil Practice Act. (See upon the subject generally *Wicks* v. *Carmichael*, 172 Misc. 924.) Nothing in *Matter of Burrows* (283 N. Y. 540) suggests a limitation of the right to determine in the judgment a liability for a deficiency, if one be found.

If the obligation of the trustee is limited, the limitation should be raised by answer. I see no need for an accounting. The amount for which liability may be incurred is readily susceptible of statement and adjudication.

Motion granted, without costs of the motion. The judgment ought to limit the trustee's liability for a deficiency to the extent of the property coming into its possession with its increment, less its proper charges.

Submit order. The stipulations should be filed with the judgment. Papers used on the motion may be obtained by attorneys for plaintiff at this office.