BEATRICE SCHWARTZ, Plaintiff, *v.* ARMAND FRIED INC., Defendant.

Supreme Court, Special Term, New York County, December 27, 1946.

*Mischa Lazoff* for plaintiff.

*Louis M. Rosenbaum* for defendant.

PECORA, J. A motion for summary judgment upon a negotiable instrument held by one claiming to be a holder in due course will ordinarily be denied on a showing that the title of the person who negotiated the instrument was defective under section 94 of the Negotiable Instruments Law, for, under section 98 of the Negotiable Instruments Law, " when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." (*Karpas* v. *Bandler*, 218 App. Div. 418.) Failure of consideration is, however, not one of the defenses or defects specified in section 94 of the Negotiable Instruments Law and hence its proof does not throw the burden on the holder of establishing his bona fide position (*Broderick & Bascom Rope Co.* v. *McGrath*, 81 Misc. 199; *Ruck* v. *Levine*, 135 Misc. 546; *Mitchell* v. *Baldwin*, 88 App. Div. 265). The defense relied upon by the defendant in the instant case, viz., breach of warranty, is not one of the defenses or defects specified in section 94 of the Negotiable Instruments Law, and the burden, therefore, is upon the defendant to establish that the plaintiff is not a holder in due course. No facts whatsoever have been stated which tend in the slightest to indicate that plaintiff is not a holder in due course.

The motion for summary judgment is accordingly granted.