Francis A. Sturges
(Orleans County Judge and Acting Judge for Monroe County). To succeed upon this motion, the plaintiff must establish that there are no issues of fact to be tried. (Famous Realty v. Frindel, 135 N. Y. S. 2d 261; General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133; Curry v. Mackenzie, 239 N. Y. 267.) As the court said in Salt Springs Nat. Bank of Syracuse v. Hitchcock (238 App. Div. 150, 151): ‘ ‘ For unless upon all the papers plaintiff has made it appear that appellant’s denials and defenses are sham or frivolous, and that, therefore, a trial would be a useless ceremony, its motion must fail.”
The plaintiff, in our ease, alleges that it is a foreign corporation incorporated in the State of Delaware with its principal office in the city of Stratford, Connecticut, and properly authorized to do business in the State of New York; and, upon information and belief, that defendants made and delivered to Tilo Roofing Company, Inc., their promissory note in writing, a copy of which is annexed to the complaint and a part thereof; and further alleges that thereafter and before its maturity, said *66 corporation indorsed said note in blank and delivered the same to the plaintiff for value; that the plaintiff is the owner and holder of the same, and that no part of said note has been paid; and that, pursuant to the terms of said note, there is now due thereon from the defendants to the plaintiff the sum of $2,501.94, with interest from April 4,1956. The note attached to the complaint is in the following form:
Note No. 2 Total amount of this $2175.60 Date July 12, 1955
For Value Received, the undersigned, jointly and severally promise(s) to pay to the order of Tilo Roofing Company, Inc., 60 equal successive monthly installments of $36.26 each, except the final installment, which shall be the balance clue on this note. The first installment shall be due 136 days after date.
A “ Late Charge ” of 5% of each installment overdue more than fifteen days shall be made, but not to exceed $5.00 in respect to any one such late payment. Upon default of any installment, the entire unpaid balance may immediately at the option of the holder hereof be declared due and payable, together with late charges as above, interest at the legal rate, and attorney’s fees of 15% of the unpaid balance in the event legal action becomes necessary.
SIGNED AND SEALED
Angelo Gr. Pettrone L.S.
Mary A. Pettrone L.S.
The defendants in their answer, by general denial, denied the foregoing allegations, excepting that they admit that the defendants are residents of Rochester, Monroe County, New York, and that the defendants made and delivered, at the date thereof, their promissory note to the Tilo Roofing Company, Inc., a true copy of which is annexed to the complaint. The defendants, in their answer, then set up and alleged 14 separate and affirmative defenses, including the alleged defense that the said note was a part of and constituted the lower portion of a written agreement, made on or about June 22, 1955, whereby the Tilo Roofing Company, Inc., agreed to supply labor and materials and install siding upon the house owned by the defendants, in a good and workmanlike manner, and that the said roofing company commenced work on August 1, 1955, and that the materials were applied to the defendants’ house in a poor and unworkmanlike and unsightly manner and that the said roofing company abandoned the work on or about September 30, 1956; and that the plaintiff, at the time of the alleged transfer of the note to it, had full knowledge of the agreement and condition under which the said note was given. The answer also contains specific allegations that the plaintiff is engaged in the business of discounting bills, notes and other evidences of indebtedness without being duly licensed under the banking laws of the State of New York; and that the plaintiff and its assignor are foreign corporations doing business in New York without obtaining the *67 proper certificates of authority and are as such barred from maintaining the action herein. The affidavit of the defendant, Angelo G-. Pettrone, presented on the argument of this motion, together with the exhibits attached thereto, indicates the possibility that the plaintiff may have had full knowledge and notice of equities existing between the Tilo Hoofing Co. and the defendants at the time the plaintiff purchased the note.
The attorney for the plaintiff, on his oral argument and in his memorandum of law, contends that this plaintiff here brings itself within the full import of sections 91 and 96 of the Negotiable Instruments Law pertaining to bona fide holders in due course for value, and that these two sections sustain a great portion of plaintiff’s position to defeat the affirmative defenses. It should be noted that the plaintiff, in its complaint, contents itself with the allegation, in paragraph 4, “ That thereafter and before its maturity, said corporation endorsed said note in blank and delivered the same to the plaintiff for value;” and, in paragraph 5 that the plaintiff is now the owner and holder of the same, and no part of said note has been paid, and pursuant to the terms of said note there is due the sum of $2,501.94, with interest. The affidavit of the vice-president of the plaintiff corporation, filed in support of the motion, states that the defendants made the note on or about July 12, 1955, and that, on or about October 26, 1955, the plaintiff purchased the same in the course of a proper transaction for the sum of $1,670 “and so paying value for the said note took the same free of any infirmities and, without notice of any defects and as a holder in due course ”. (Quotation marks and italics supplied by me.) The plaintiff, on this motion, has taken the position that it is entitled to summary judgment upon the pleadings and supporting affidavits by reason of being a holder in due course under or in accordance with sections 91 and 96 of the Negotiable Instruments Law. However, the only allegation in the complaint which might tend to support this position is contained in paragraph 4 of the complaint, which read as follows: ‘ £ That thereafter and before its maturity, said corporation endorsed said note in blank and delivered the same to the plaintiff for value.” This allegation has been denied by the general denial in the answer of the defendants, thus presenting an issue of fact on the allegation contained in paragraph 4 of the complaint. It will also be noted that the defendants, in paragraph £ £ thirteenth ” of their answer, allege, for a complete, separate and affirmative defense,££ That the plaintiff at the time of the alleged transfer of the note to it had full knowledge of the aforesaid agreement and the conditions under which said note was given *68 to the said Tilo Roofing Co., Inc.” Moreover, I find no specific allegation in the affidavit of the vice-president of the plaintiff, which was presented in support of this motion, that the plaintiff took the note in good faith or without knowledge of equities existing between the makers and the payee, the Tilo Roofing Company, Inc. That affidavit contains only the conclusion of the deponent that, by paying value for the note, the plaintiff took it free of any infirmities and without notice of any defects and as a holder in due course.
This court is well aware of the fact that modern commerce and finance has made it necessary that holders in due course be protected upon the purchase of notes in good faith and for value and without notice of any infirmity in the instrument or defect in the title of the person negotiating it. However, it should be noted that, under subdivision 3 of section 91 of our Negotiable Instruments Law, good faith is one of the requirements to constitute a holder in due course. The Court of Appeals in Canajoharie Nat. Bank v. Diefendorf (123 N. Y. 191) unanimously held that payment of value was not alone sufficient, and the court said on page 202: “ The fact that they took the paper before maturity, and paid the full value thereof, in absence of other facts, undoubtedly affords a presumption of the good faith of the transaction. But where it further appears that such property has been fraudulently or illegally obtained from its owner or maker, and under such circumstances that the person putting it in circulation could not maintain an action thereon, it is incumbent upon the holder in order to succeed to go farther and show the circumstances under which it came into his possession, and that he has acted in good faith in the transaction.”
My attention has been called to no authority holding that good faith can be proved by simply proving that value was paid for the property, even though such a presumption follows. In the case at bar, payment of value has been alleged by the plaintiff and denied by a general denial in the defendants’ answer. The defendants, in their answer, have set up, in their first separate affirmative defense, allegations which, if proved, would prevent the payee from recovering under this note, and have alleged that the plaintiff had full knowledge of the agreement and the conditions under which the said note was given. The defendants, in the affidavit of Angelo (x. Pettrone, one of the defendants, filed in opposition to this motion, has alleged other matters which, if these allegations can be supported by evidence, would tend to disprove the good faith of the plaintiff corporation. In any event, the plaintiff corporation has failed to allege good faith in its complaint and the supporting affidavit of the vice- *69 president of the plaintiff corporation fails to specifically allege good faith in the purchase of this note; and I am of the opinion that a triable issue has been raised on the question as to whether or not the plaintiff is a holder in due course and in good faith and for value. Without determining whether or not the other affirmative defenses do or do not raise issues, as a matter of law, the motion for an order striking out defendants’ answer and directing the entry of summary judgment for plaintiff is denied.
Costs to abide the event.