Reid S. Moule, J.
This is an action on a note by the holder bank against the defendant makers.
The case was heard by the court without a jury on April 24, 1962. The attorneys for the respective parties agree that the basic facts are not in dispute.
Filter Laboratories Inc,, installed a water conditioner on defendants’ premises in June, 1959. The defendants signed a retail installment contract and a note payable to Filter Laboratories Inc. The president of Filter Laboratories Inc. told the defendants that the unit ivas installed on a six-month trial basis subject to the defendants’ approval.
*272 In July, 1959 Filter Laboratories Inc. sold the note to the plaintiff bank and the bank notified the defendants of this. The defendants then informed the bank that they were not satisfied with the unit and were not going to pay for it. The bank then commenced this action.
The bank claims to be a holder in due course of a negotiable promissory note and as such, not subject to any defense which the defendants might have had against the original payee.
The defendants claim that:
1. The bank was required to comply with section 403 of the Personal Property Law and failed to do so.
2. The note is nonnegotiable.
Subdivisions 1 and 2 of section 403 of the Personal Property Law as it was in 1959 (as added by L. 1957, ch. 599) provided that a retail installment contract could require the execution of a note which when separately negotiated would cut off as to third parties any rights the buyer might have against the seller. It further provided that the note must bear the following legend: “ The transaction which gives rise to this note is the furnishing of goods or services for repairs, alterations or improvements upon or in connection with real property ’ ’ and also that the note must set forth the amount of the credit service charge included in its face amount.
It is undisputed that the note in question complied with both these requirements.
Subdivision 3 of this section does not apply in this case. That only applies where a contract is assigned. Here there was only the sale of a note.
The defendants claim that the following indorsement on the back of the note renders it nonnegotiable:
‘1 WITHOUT RECOURSE.
“ The undersigned represent(s) and warrant(s) in addition to the warranties implied by law, that the transaction which gave rise to this note was the furnishing of goods or services for repairs, alterations or improvements upon or in connection with real property at the request of the maker(s) of this note and that the furnishing of such goods and services has been completed to the satisfaction of such maker (s).”
There is no prohibition in the Negotiable Instruments Law against such an indorsement.
The case of Grover v. Carmen Air Conditioning Co. (285 App. Div. 1115 [1955]; see Record on Appeal, vol. 3068, Cases and Points, 4th Dept.) involved a note containing a similar indorse *273 ment. The maker contended that the indorsement rendered the note nonnegotiable. This argument was rejected.
The defendants ’ argument that it is nonnegotiable is based on inference. In 1961 (L. 1961, ch. 511) subdivision 2 of section 403 was amended in three respects as follows:
1. Added to the above-quoted legend the words, ‘ ‘ Do not sign this note until the work is fully completed.”
2. Added the requirement that the indorsement of the note by the payee incorporate the payees’ representatives and warranties that the transaction which gave rise to the note was the furnishing of goods or services in accordance with a retail installment contract and that the work was completed in accordance with such retail installment contract.
3. Provided that neither the incorporation in a note of the legend not to sign, nor the incorporation in the indorsement of the note of the representation or warranties required by the section, shall affect the negotiability of the note or prevent the holder from being a holder in due course.
The defendants argue that if such an indorsement did not render a note nonnegotiable, there would have been no reason for the Legislature to provide that the indorsement could not affect negotiability.
We cannot accept this argument for two reasons. - -
In the first place, as previously set forth herein, the Fourth Department of the Appellate Division had already affirmed a decision holding that such an indorsement did not affect negotiability.
In the second place the indorsement required by the 1961 amendment to section 403 is different from the indorsement on the note in question. The 1961 amendment requires a specific reference to a retail installment contract. The indorsement in the present case made no reference to a retail installment contract.
The last point to be disposed of is whether the bank is a holder in due course. The requirements to be met are set forth in section 91 of the Negotiable Instruments Law:
“ § 91. What constitutes a holder in due course. A holder in due course is a holder who has taken the instrument under the following conditions:
“ 1. That it is complete and regular upon its face;
‘ ‘ 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
*274 “ 3. That he took it in good faith and for value;
“ 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. ’ ’•
These four requirements have been met by the bank.
We hold that the bank is entitled to judgment as demanded in its complaint.