In the Matter of the Estate of GEORGE T. DRAGONAS, Deceased.

Surrogate's Court, Nassau County, July 11, 1962.

*Michael P. Gurlides* for petitioner. *Stuart & Dukas* (*Louis J. Dukas* of counsel), for George Dragonas, creditor. *Stephen S. Scopas* for American Hospital, claimant. *William J. Murphy* for Michigan Avenue National Bank of Chicago, objectant.

JOHN D. BENNETT, S. In this accounting proceeding a hearing has been held on the claim of George Dragonas against this estate in the amount of $1,400. The claim has been disallowed by the executors.

The claim is based upon money alleged to have been paid by the claimant, a nephew of the decedent, on behalf of his uncle, to certain individuals with whom the uncle was living in Chicago, in order to defray medical and other expenses of the decedent. Four hundred dollars of the claim allegedly represents traveling expenses incurred by the nephew in two trips between New York and Chicago. The claimant testified that the sole purpose in making both trips was to be with his uncle who was then hospitalized.

A volunteer who pays the debt of another without request may not recover the amount so paid. The definition of a volunteer, however, does not include an individual who makes such a payment under a legal or moral obligation to do so (*McNamee* v. *Zimmett*, 207 App. Div. 60. 62, affd. 239 N. Y. 602; *Matter of Welton*. 141 Misc. 674, 684). While the claimant may not have had a legal obligation to assist the decedent. there appears to be sufficient evidence to warrant a finding that at least a moral obligation existed.

In addition the claimant's right to repayment may also be said to have arisen by reason of being subrogated to the rights of those whose bills have been paid (*Matter of May*. 160 Misc. 497, 501). Since no proof has been submitted as to what expenses of the decedent have actually been paid from the $1,000 advanced by the claimant. he will be given an opportunity to file a sworn statement to show the expenses of decedent since the advancement. For such purpose, the claimant will be given 30 days from the date hereof to file additional papers. In the

302

event the claimant should not furnish additional proof within the time allowed, the claim for $1,000 will be deemed abandoned.

Claimant has failed to establish that the expenses incurred, or any services rendered as a result of his two trips to be with his uncle, resulted in any contract implied or express for which the estate is liable, nor was any evidence as to the reasonable value of any services adduced. The claim for $400 is accordingly disallowed.