Richard D. Simons, J.
Plaintiff moves for summary judgment against the defendants on a promissory note executed by them December 20, 1961 promising to pay to the Holland Furnace Company $2,667.60 for work in connection with the installation of a new furnace. The note was to be paid in 60 monthly installments commencing February 1, 1962. It was thereafter negotiated by Holland Furnace Company to Household Acceptance Corporation and then to plaintiff.
Defendants original answer admitted execution of the note and generally denied the remaining allegations of the complaint. Affirmative defenses alleging various violations of section 403 of the Personal Property Law were asserted. Defendants now move to add as a party defendant the Holland Furnace Company and for permission to submit an amended answer alleging affirmative defenses against plaintiff and Holland Furnace Company and a counterclaim against the Holland Furnace Company by reason of the alleged fraud of the payee in connection with the work and execution of the retail installment obligation, breach of contract and breach of warranty.
Plaintiff alleges facts establishing itself as a holder in due course as defined by section 91 of the negotiable Instruments Law. Accordingly, the plaintiff is deemed a holder in due course prima facie (Negotiable Instruments Law, § 98) unless it is shown that the title of any person negotiating the note is defective. Title is defective when a person who negotiates an instrument “ obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of good faith, or under such circumstances as amount to a fraud.” (Negotiable Instruments Law, § 94.)
The defendants charge the plaintiff is not a holder in due course because of the fact that the note does not comply with the requirements of section 403 of the Personal Property Law. On the face of the note, it is regular in all respects and the fact that the execution of the retail installment obligation may have been irregular in certain particulars, does not defeat the plaintiff’s rights. Subdivisions 1 and 2 of section 403 of the *346 Personal Property Law provide that a retail installment contract may require the execution of a note which, when separately negotiated, cuts off as to third parties, any rights the buyer may have against the seller, provided that it bears the statutory statement that the transaction giving rise to the note is the furnishing of goods or services for repairs, alterations or improvements upon or in connection with real property and also states the credit service charge. The note in question complied with these statutory requirements, except that the payee’s indorsement did not warrant the nature of the work or its completion as is also required by the statute. The failure of the payee to incorporate in the indorsement these warranties does not affect negotiability. (Personal Property Law, § 403, subd. 2.)
The defendants urge that the note has not complied with subdivision 3 of section 403 in regard to the 10-day notice provision. Subdivision 3 deals with retail installment obligations, not promissory notes which alone have been negotiated. (Marine Trust Co. of Western N. Y. v. Richir, 34 Misc 2d 271.)
Secondly, defendants argue plaintiff’s title is defective because this note was negotiated to the plaintiff by Household Acceptance Corporation, a corporation allegedly not licensed to do business in the State of New York as a sales finance company pursuant to article 11-B of the Banking Law. The fact that a corporation ha¡=; failed to comply with conditions precedent with respect to doing business as prescribed by the statute cannot be set up as a defense against a holder in due course. (Allison Hill Trust Co. v. Sarandrea, 236 App. Div. 189; cf. General Corporation Law, § 218.) The illegal transfer of a note is not a defense against a holder in due course even if such transfer is in direct violation of a statute unless the statute expressly declares such instruments void. (New Howard Mfrs. Co. v. Cohen, 207 App. Div. 588; cf. Penal Law, § 992; G-eneral Business Law, § 373, and see, also, Bernstein v. Fuerth, 132 Misc. 343.)
Defendants further allege that plaintiff’s title is defective by reason of breach of warranty, breach of contract and fraud of the payee. Breach of warranty and breach of contract are not title defects within the terms of section 94 of the Negotiable Instruments Law. (Schwartz v. Armand Fried, Inc., 189 Misc. 66.) A sufficient- showing of fraud may be such a defect if the plaintiff has knowledge of it or is chargeable with knowledge of it. The requirement of section 95 of the Negotiable Instruments Law is actual knowledge of such facts that plaintiff’s actions in. taking the instrument amounted to *347 bad faith. The defendants do not allege that plaintiff had actual knowledge of the supposed fraud of the payee but they claim that the allegation of fraud shifts the burden to the plaintiff to prove that he is a holder in due course, and took the note in good faith. But there must be some factual circumstances alleged by defendants which raise a triable issue as to the bad faith of the plaintiff. (Fischer v. Plum, 273 App. Div. 818.) The defendants have alleged no such facts. The acts of the payee which the defendants claim to be fraudulent consist of improperly filling out the retail installment obligation (which was not negotiated), the excessive costs of repairs and excessive credit charges in the retail installment obligation, improper workmanship in the construction of the new furnace and fraudulent representations as to the condition and efficiency of the defendant’s old furnace.
The burden is on the defendants to establish facts raising a question of fraud in the making or transfer of the note. (Tashman v. Campbell, 35 Misc 2d 618.) The retail installment obligation was executed October 31, 1961 and the note was executed on December 20, 1961. That note was honored by the defendants until July 25, 1963. The allegations of fraud concern the execution of the retail installment obligation and the work performed thereunder. There is no allegation that the defendants’ note was fraudulently executed or fraudulently transferred. At the time they signed this instrument, the credit service charge plainly appeared in the note and by bold face type appearing above their signatures defendants warranted and represented that the work was fully completed. If that be true, then every basis for fraudulent representation alleged by the defendants in their answering papers had been completed and was completely within defendants’ knowledge at the time they executed this note, yet they did so freely. Subdivision 2 of section 403 of the Personal Property Law expressly provides for the execution of such notes which have the effect of cutting off as to third parties any rights of action or defense which the buyer may have against the seller. To hold that the defendants may now defeat the plaintiff’s rights as a holder in due course would be to nullify the provisions of this statute and the purpose for which it was enacted. The defendants rely on Stratford Credit Corp. v. Pettrone (11 Misc 2d 65), but it is noted that in that case the plaintiff was alleged to have knowledge of the fraudulent circumstances underlying the note and the contract executed with it.
“ The requirement of the statute is good faith, and bad faith is not mere carelessness. It is nothing less than guilty *348 knowledge or willful ignorance.” (Manufacturers & Traders Trust Co. v. Sapowitch, 296 N. Y. 226, 229; Hall v. Bank of Blasdell, 306 N. Y. 336.) It is not enough to allege fraud in the inception of the retail installment obligation. There must be a showing that the plaintiff did not deal honestly or fairly in acquiring the note or else there must be sufficient showing of facts within the knowledge of the plaintiff so that the duty of active inquiry was placed upon it, the breach of which amounted to bad faith. Good faith imports lack of collusion, fraud, or knowledge of fraud. Bad faith or wrongdoing on the part of the payee or plaintiff’s transferor is not enough.
Defendants have cited several cases in support of their view. (Gould v. Balter, 127 N. Y. S. 2d 193; Budget Charge Accounts v. Petrowski, 155 N. Y. S. 2d 691; Stratford Credit Corp. v. Pettrone, 11 Misc 2d 65; Mitchell v. Colonial Trust Co., 41 N. Y. S. 2d 562.) Each of these cases is distinguishable on the facts either by reason of circumstances surrounding the negotiating of the instrument to the plaintiff or because of a conditional delivery of the note to the payee.
Plaintiff’s motion granted. Defendants’ motion denied.