■ ARTHUR FLORMAN, Appellant, v MARIANNE MARKS, Respondent.—In an action, *inter alia*, to impress a trust on certain real property, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated November 14, 1977, which, after a nonjury trial, *inter alia*, dismissed the complaint. Judgment affirmed, with costs. No opinion. Damiani, J. P., Rabin and Hawkins, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and to grant judgment to plaintiff, with the following memorandum: Both the trial court and the majority are of the view that plaintiff failed to meet his burden of establishing a constructive trust. I disagree. In my view, the elements of a constructive trust were proved by plaintiff and judgment should be entered in his favor. Plaintiff, Arthur Florman, and the defendant, Marianne Marks, met in 1962. Defendant was a widow. The parties entered into an intimate relationship and lived together from July, 1963 to October, 1975. The parties never married since plaintiff was married and separated from his wife. In 1963 plaintiff purchased a residence on certain property in New Castle, New York, for the sum of $42,000. He made a $9,000 down payment from his own funds and obtained a $33,000 mortgage. The deed, dated July 3, 1963, clearly indicated that plaintiff was the sole owner of the property. During the 12-year period that the parties lived together, defendant's two children and her mother lived with them. At all times plaintiff paid the bills and expenses, including all of the bills connected with the house (i.e., taxes, mortgage payments, electricity, heating, repairs, maintenance, gardening and decorating). Plaintiff also had installed a swimming pool for $25,000, a new kitchen floor for $1,000 and a rug for $3,600. The parties traveled and vacationed extensively at plaintiff's expense and plaintiff gave defendant numerous and expensive gifts. In September, 1968 plaintiff collapsed and spent several days in the hospital. In response to defendant's fear for her security in the event plaintiff would die, and her fear that plaintiff's estranged wife would attempt to seize the house, plaintiff executed a deed on April 16, 1969 conveying the residence to defendant. With respect to this conveyance, plaintiff testified that prior to executing the deed he spoke to his attorney and defendant and specifically told the latter: "I have a plan that will protect you in case anything happens to me. The plan consists of making the title of the property to you and holding it in the event anything happens to me. It is understood that the property belongs to me, that the title is only to be used in case of my demise." Plaintiff further testified that defendant told him: "I understand that I am to return the title to you upon your request at any time." Plaintiff's attorney testified that he spoke to defendant prior to the preparation of the deed conveying the residence to her and explained that plaintiff was trying to protect her if he died. The deed contained a provision stating: "The grantee, MARIANNE MARKS, by her signature hereto, does hereby agree to assume the payment of the outstanding first mortgage on the subject property". Defendant questioned the attorney about that provision. The

attorney testified that he explained to defendant that she did not have to worry about it since the property still belonged to plaintiff and he would continue to pay the carrying charges. The attorney further testified that the provision was put in to protect plaintiff's estate. Defendant finally signed the deed and it was recorded on January 23, 1970. It is undisputed on this record, and indeed the trial court conceded in its memorandum decision, that despite the existence of this provision in the deed, it was plaintiff who continued to make all of the payments on the house from that point until September, 1975. Further corroboration of plaintiff's version of the facts can be gleaned from an agreement drawn up by the parties in 1971, when plaintiff was contemplating selling the house, and from defendant's examination before trial. The agreement, which was signed by defendant and admitted into evidence, stated, in pertinent part: "1. The title to the property was presented to me by Arthur Florman, with only a minimal investment on my part. 2. During the eight years we have occupied the property, all expenses were borne by Arthur Florman. Therefore, I agree that the proceeds of the sale of the property shall be shared equally (50-50) between us." The property was eventually withdrawn from the market. In her examination before trial, defendant stated: "Q In the years 1963 to 1975, who made all the mortgage payments on the mortgage? A Mr. Florman. Q Did there come a time in 1969 when Mr. Florman deeded the Juniper Ledge property to you? A Yes. Q After 1969, isn't it a fact that Mr. Florman continued to make all mortgage payment on that property? A Yes. Q Did you give Mr. Florman any money at the time he transferred the house to you? A No—yes. I paid the sum of $10 which made it legal. Q Other than that $10 you gave him nothing else, is that correct, no funds? A No funds." Plaintiff testified that in October, 1975 he asked defendant to sell the house and move with him to California. She refused and told plaintiff that she had other gentlemen friends and lovers. The parties ended their intimate relationship, but when plaintiff demanded that defendant reconvey the realty to him, she refused. It was only at that point, when the parties separated, that defendant began to pay the expenses of the house. In her testimony defendant simply denied that plaintiff ever told her that she held the property in trust and that she would have to reconvey it to him upon request. The four elements of a constructive trust, as enunciated recently by the Court of Appeals in *Sharp v Kosmalski* (40 NY2d 119, 121), are: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance thereon; and (4) unjust enrichment. There is no question that a confidential relationship existed between the parties even though no marital relationship existed. In finding in favor of defendant on the remaining elements, Special Term relied on the provision in the deed whereby defendant agreed to assume the mortgage. Special Term reasoned that the insistence by plaintiff that such a provision be contained therein negated any inference that defendant gave her promise to reconvey the realty upon his request. I disagree. The insertion of that provision in the agreement is but one factor in determining whether a constructive trust was created. In the case at bar, any inference in favor of the defendant derived from the insertion of that provision is completely negated by the conclusive evidence that it was plaintiff who continued to make all the payments on the property until the parties terminated their relationship. Although plaintiff and his attorney

both testified that the provision was inserted to protect plaintiff's estate, the fact remains that plaintiff's estate remained liable for any deficiency, albeit with a right of indemnity against defendant (see *Wicks v Carmichael,* 172 Misc 924; 59 CJS, Mortgages, § 416; 72 CJS, Principal and Surety, § 40). In practical terms, the insertion of that provision into the deed added little one way or another to the equities of this case and, apart from the provision, no consideration passed from defendant to plaintiff in the course of this transaction. A dismissal of plaintiff's complaint and the entry of judgment in defendant's favor only sanctions a clear case of unjust enrichment in favor of defendant.